IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BETTYANNA WOODE, | ) CIVIL ACTION |
| Plaintiff, | ) FILE NO. |
| vs. | ) **5:07-CV-36** |
| CAMPBELL ROOFING & CONSTRUCTION, INC., | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW Bettyanna Woode, Plaintiff above named (hereinafter called "Plaintiff"), and for her Complaint against Campbell Roofing & Construction, Inc. (hereinafter called "Defendant"), respectfully shows this Court as follows:

### NATURE OF CLAIM
1.

This is a civil action for sexual harassment and sexual discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000a et seq., and all applicable regulations and administrative rulings issued thereunder.

2.

Plaintiff asserts claims for compensatory, punitive and other damages and related relief against the Defendant for sexual harassment and sexual discrimination and adverse actions taken against the Plaintiff in connection therewith.

3.

The Plaintiff also seeks to recover the costs of this action including reasonable attorneys fees.

4.

Plaintiff also asserts herein pending state law claims arising out of the wrongful conduct of the Defendant.

## PARTIES

5.

Plaintiff is a female residing in Columbus, Georgia, born on May 31, 1959. Defendant is a corporation organized pursuant to the laws of the State of Georgia with its principal place of business in the State of Georgia at 7538 Houston Road, Byron, Georgia.

6.

Defendant is an employer engaged in an industry affecting commerce within the meaning of Title VII, and employs and has employed at all times material herein a sufficient number of persons for a sufficient length of time to meet all requirements for the application of Title VII.

## ADMINISTRATIVE PROCEDURE

7.

Plaintiff timely filed a charge of age and disability discrimination against the Defendant with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which the Plaintiff complains.

8.

Plaintiff received a right to sue letter from the EEOC on the 6th of November, 2006, a copy of which is attached hereto as Exhibit "A". All conditions precedent to the filing of this lawsuit have been met.

## JURISDICTION AND VENUE
9.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 8 of this Complaint to the same extent as if they had been fully repled.

10.

Jurisdiction is invoked pursuant to 28 U.S.C. §1331, §1337 and §1343 which confer original jurisdiction upon this Court of any civil action to recover damages under any Act of Congress including Title VII.

11.

The Defendant is incorporated in the State of Georgia, and its principal place of business is in the United States District Court for the Middle District of Georgia, Macon Division.

## STATEMENT OF FACTS
12.

Plaintiff was employed by the Defendant in September of 2005, as an office manager. She was originally assigned to work in that capacity in Donaldsonville, Louisiana, with the understanding that when work there ceased, she would be moved to Jacksonville, Florida or Byron, Georgia. The project manager at the Donaldsonville,

-3-

Louisiana office was Mr. Robert Smith, who was an officer of the Defendant and Plaintiff's immediate supervisor.

13.

From the time of the Plaintiff's employment in the Donaldsonville, Louisiana office, and continually during her employment there, Mr. Smith made remarks to her such as that she was "the whore" or "the wench" of another employee. Mr. Smith made comments to the Plaintiff about her personal appearance, suggesting on occasion that she go into the back room with him to resolve matters, by which he meant, and the Plaintiff understood him to mean, that they should have sex in the back room.

14.

Mr. Smith suggested to the Plaintiff on occasion that she should lift her shirt in the presence of outside contractors to get a better deal from them. He used vulgar four letter words referring to sex and to her anatomy including her breasts and her buttocks. Mr. Smith touched the Plaintiff's backside and chest, and he rubbed himself against the Plaintiff without her permission or consent, and he continued to do so after Plaintiff repeatedly told him to stop.

15.

The above described actions occurred frequently, chronically, intentionally and continued despite the Plaintiff's repeated expressions of dislike and discomfort, and despite her clear instructions directing Mr. Smith to cease this conduct.

16.

Plaintiff informed other officers of the Defendant about Mr. Smith's conduct, and the Defendant initiated an investigation, which to Plaintiff's best knowledge and belief, resulted in an informal determination that such conduct was occurring. Nevertheless, the Defendant failed and refused to discipline Mr. Smith or to take any action to stop the sexual harassment and sexual discrimination that continued to occur. Instead, as the Plaintiff was told, the Defendant terminated the Plaintiff to protect Mr. Smith's marriage from the detriments that would occur if the "problem was brought into his house".

17.

To further shield Mr. Smith from the detriments of his actions and for other reasons, the Defendant refused to transfer the Plaintiff to a new work location either in Byron, Georgia, or Jacksonville, Florida, as originally promised, or to any other location where it did business. Defendant failed and refused to allow Plaintiff to attend managerial meetings and other events to which she had been initially invited before the conduct of Mr. Smith was investigated.

18.

Plaintiff suffered both tangible and intangible detriments including adverse employment actions and other abusive actions as a result of the severe and pervasive harassment and discrimination that occurred, which directly and indirectly effected a change in the terms and conditions of her employment.

19.

The Defendant participated directly and indirectly in causing and/or ratifying the unlawful, sexual discrimination, sexual harassment and related misconduct that occurred; and, it acted, as alleged herein, to protect itself and its employees from the force and effect of that conduct. Defendant is directly liable for the conduct of its employees as alleged herein and is indirectly liable pursuant to the Doctrine of Respondeat Superior.

20.

The actions of the Defendant by and through its employees to terminate the Plaintiff's employment, allegedly because of the shut down of the office in Donaldsonville, Louisiana and a reduction in force that was in progress, were a subterfuge to disguise the actual motives for Plaintiff's discharge, which were to justify the wrongful conduct of Mr. Smith and to prevent him from suffering personal consequences related thereto, and to protect the Defendant from his actions. In pursuance of that motivation, the Defendant included the Plaintiff in the reduction of force that was in process, when, as the Defendant had previously promised the Plaintiff, she would have been excluded, except for the reasons stated above.

21.

The unlawful employment practices and other wrongful actions described above were done intentionally with malice and/or a reckless indifference to the legal rights of the Plaintiff.

-6-

## COUNT I
22.

Plaintiff realleges and incorporates herein by reference all allegations in Paragraphs 1 through 21 of this Complaint to the same extent as if they had been fully repled.

23.

The above described actions, which harmed the Plaintiff as described above, constitute sexual harassment and sexual discrimination in violation of Title VII.

24.

Because of the violations of Title VII, which caused harm to the Plaintiff as described above, Plaintiff is entitled to compensatory damages including but not limited to lost wages, future lost wages, lost retirement benefits, lost medical benefits and other benefits due her as an employee of the Defendant and compensation for nonpecuniary losses including emotional pain and suffering, anxiety, stress, depression and humiliation in amounts to be determined at trial.

25.

Because of the violations of the Title VII, which caused harm to the Plaintiff as described above, Plaintiff is entitled to recover punitive damages for the malicious and reckless conduct of the Defendant in such amounts as the jury in its enlightened conscience may determine at trial that are commensurate with the harm done and sufficient to prevent future unlawful conduct.

26.

Because of the violations of Title VII, which caused harm to the Plaintiff as described above, Plaintiff is entitled to recover expenses of this action including reasonable attorneys fees.

## COUNT II
27.

Plaintiff realleges and incorporates herein by reference all allegations in Paragraphs 12 through 21 of this Complaint to the same extent as if they had been fully repled.

28.

The above described actions by Mr. Robert Smith constitute an assault and battery against the Plaintiff, which were committed by him within the scope of his employment and/or which were ratified, adopted, and/or approved by the Defendant. The above described actions of the Defendant through those who acted for it and on its behalf, within the scope of their responsibility, and/or which the Defendant ratified, adopted and approved, entitle the Plaintiff to recover from the Defendant actual damages in such amounts as she may prove and punitive damages in such amounts as the jury in the exercise of its enlightened conscience may determine.

## COUNT III
29.

Plaintiff realleges and incorporates herein by reference all Paragraphs 1 through 21 of this Complaint to the same extent as if they had been fully repled.

-8-

30.

The above described actions by Mr. Robert Smith constitute an intentional infliction of emotional distress against the Plaintiff, which were committed by him within the scope of his employment and/or which were ratified, adopted and approved by the Defendant. The above described actions of the Defendant through those who acted for it and on its behalf, and/or which the Defendant ratified, adopted and approved entitle the Plaintiff to recover from the Defendant actual damages in such amounts as she may prove and punitive damages in such amounts as the jury in the exercise of its enlightened conscience may determine.

## COUNT IV
31.

Plaintiff realleges and incorporates herein by reference all Paragraphs 1 through 21 of this Complaint to the same extent as if they had been fully repled.

32.

The above described actions by Mr. Robert Smith constitute an invasion of the privacy of the Plaintiff, which were committed by him in the scope of his employment and/or which were ratified, adopted and approved by the Defendant as alleged above. The above described actions of the Defendant through those who acted for it and on its behalf, and/or which the Defendant ratified, adopted and approved entitle the Plaintiff to recover from the Defendant actual damages in such amounts as she may prove and punitive damages in such amounts as the jury in the exercise of its enlightened conscience may determine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays,

1. That this Court grant judgment to the Plaintiff against the Defendant pursuant to Counts I through IV for actual damages including but not limited to compensation for past and future loss wages, loss of post and prospective retirement benefits, job search expenses and medical expenses, compensation for non-pecuniary losses including but not limited to emotional pain and suffering, anxiety, stress, depression and humiliation and punitive damages for the malicious and reckless conduct of the Defendant described above, commensurate with the harm done and sufficient to deter such future conduct, all in such amounts to be determined at trial;

2. That this Court award to the Plaintiff all costs of this action including reasonable attorney fees;

3. That this Court grant to Plaintiff a trial by a jury on all issues so triable; and

4. That this Court grant such additional relief as is mete and proper under the circumstances.

Respectfully submitted this 30th day of JANUARY, 2007.

_____
**RICHARD A. CHILDS**
Georgia Bar No. 124600

Richard A. Childs
Attorney at Law, P.C.
Attorney for Plaintiff
P. O. Box 1625
Columbus, Georgia   31902
(706) 660-8715   FAX 706-322-2457

# **VERIFICATION**

STATE OF GEORGIA      )

COUNTY OF MUSCOGEE)

Personally before the undersigned attesting officer, authorized by law to administer oaths, appeared BETTYANNA WOODE, who, after first having been duly sworn, on oath, states and deposes that the information contained in the within and foregoing Complaint is true to the best of her knowledge and belief.

*[signature]*
**BETTYANNA WOODE**

Sworn to and subscribed before me
this 30th day of JANUARY, 2007.

*[signature]*
Notary Public, State of
My commission expires:

Mary G. Ray
Notary Public - State of Georgia
Muscogee County
My Commission Expires Sept. 18, 2009

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Bettyanna Woode<br>330 Hunter Road<br>Cataula, GA 31804 | From: | Atlanta District Office - 410<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2006-01455 | Kathy A. Riley,<br>Investigator | (404) 562-6856 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sylvia M. Hall-Jr*
Bernice Williams-Kimbrough,
Director

NOV 0 2 2006
(Date Mailed)

Enclosures(s)

cc: Frank L. Butler, Esquire
Constangy Brooks & Smith, LLC
577 Mulberry Street, Suite 710
Macon, GA 31201

Richard A. Childs
Heritage Tower, Suite 300
18 Ninth Street
Columbus, GA 31901

Exhibit "A"    Rec'd 11/6/06